UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BOB ROSS PETERSON,

          Plaintiff,

    v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

          Defendant.

CASE NO. 2:16-cv-01531

REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*

NOTED FOR: November 18, 2016

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has come before the Court on plaintiff's filing of an application to proceed *in forma pauperis,* and a complaint to review and set aside a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g) (ECF No. 1). Because plaintiff's application indicates the presence of sufficient income to pay the $400.00 filing fee, the undersigned recommends that the Court deny the application.

## DISCUSSION

The District Court may permit indigent litigants to proceed *in forma pauperis* following completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). According to the Ninth Circuit, the decision to grant or refuse an application to proceed *in forma pauperis* "is within the discretion of the District Court." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). An application to proceed *in forma pauperis*, when granted, is "granted as a privilege and not as a matter of right." *Id.*

By requesting the Court to be allowed to proceed *in forma pauperis*, plaintiff is asking the government to incur the filing fee because of an alleged inability to afford the costs necessary to proceed with the cause of action. In the application, plaintiff indicates that in the last 12 months he has received $45,340.36 in disability, unemployment, workers compensation or public assistance (*see* Declaration and Application to Proceed *in Forma Pauperis*, Dkt. 5, p. 1). Plaintiff also indicates that he has $125,000.00 in a savings account that he received from a settlement and wants to use to buy a house (*id.*, p. 2). Despite the fact that plaintiff wants to use his savings to purchase a house, the funds in savings must be considered and therefore, the Court concludes that it is reasonable for plaintiff to be required to pay the filing fee before proceeding with this cause of action.

## CONCLUSION

Because it is reasonable for plaintiff to incur the costs to proceed with this cause of action, the undersigned recommends that the Court deny the application to proceed *in forma pauperis*. Accordingly, the undersigned also recommends that the Court order plaintiff to pay the required filing fee within thirty (30) days of the Court's order or risk dismissal of his cause of action.

1  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
2  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
3  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
4  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
5  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on November 18,
6  2016, as noted in the caption.
7  Dated this 25th day of October, 2016.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION TO DENY
APPLICATION TO PROCEED IN FORMA
PAUPERIS - 3